# United States Court of Appeals

## For the First Circuit

No. 07-1546

SOVANN NOU,

Petitioner,

v.

MICHAEL B. MUKASEY, ATTORNEY GENERAL,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Torruella, Boudin, and Dyk,[*] Circuit Judges.

Thomas Stylianos, Jr., on brief for petitioner.
Jeffrey S. Bucholtz, Acting Assistant Attorney General, Mark C. Walters, Assistant Director, and Theodore C. Hirt, on brief for respondent.

September 19, 2008

[*] Of the Federal Circuit, sitting by designation.

**DYK**, **Circuit Judge**. Sovann Nou ("Nou") petitions for review of a final order of removal entered by the Board of Immigration Appeals ("BIA"), dismissing Nou's appeal from a decision of the Immigration Judge. The Immigration Judge ("IJ") denied Nou's application for asylum, withholding of removal, and relief under the Convention Against Torture. Because we agree that substantial evidence supports the BIA's conclusion that Nou was not targeted on account of one of the protected statutory grounds, and that he did not establish a well-founded fear of future persecution, we conclude that the BIA did not err in rejecting Nou's asylum claim and in denying Nou's petition for judicial review.

**I.**

Nou, a native and citizen of Cambodia, has been living in the United States since September 2001. While in Cambodia, Nou was an active member of the Sam Rainsy Party, which is opposed to the ruling party in Cambodia, the Cambodian People's Party. Nou was not, however, a party official. Nou worked in the Krakor District as a Fisheries Officer for the Wildlife Division of the Cambodian government. In that capacity, Nou was charged with enforcing Cambodian fishing laws. Nou testified that in February 1998, while Nou was working, he heard gunshots being fired at his government building. Nou and others fled, jumping from the building into an adjacent body of water. The next day, the police investigating the

incident learned from several of the local villagers that the shooters were a group of soldiers or police officers. Nou testified that he was later threatened by soldiers who wanted to fish using hand grenades in violation of Cambodian law. The soldiers also tried to bribe Nou, but Nou declined to cooperate.

Nou testified that he sought and was granted relocation to the province of Siem Reab, where he was again confronted and threatened by soldiers wanting to fish using grenades. In 2000, Nou took part in arresting and detaining a group of twenty fisherman for fishing illegally using grenades and electric shock. Several members of the Cambodian People's Party were among those arrested. After that incident, Nou claims that he received a threat from an unidentified person that, if he did not cooperate, he would be killed. Nou transferred a second time to the province of Kampong Chanang. Several months after Nou's transfer, he and his entire work group were told to stop working, and he was fired from his job.

Nou secured airline tickets to leave Cambodia. He and his wife left through the Phnom Phen airport, using passports issued in their own names. He left the country without incident.

In September 2001, Nou entered the United States as a nonimmigrant B-2 visitor, authorized to remain in this country for a temporary period not past March 6, 2002. On June 29, 2002, Nou filed an application seeking asylum. On April 8, 2003, the

Department of Homeland Security charged Nou with removal as a nonimmigrant visitor who had remained in the country longer than authorized.

In the removal proceedings, the IJ denied Nou's application for asylum, withholding of removal, and protection under the Convention against Torture, and ordered Nou's removal from the United States to Cambodia. In his oral opinion, the IJ found that Nou's testimony was not credible. The IJ also found that, even if he were to find Nou's account credible as to the incidents that Nou described, "any action which had been attempted against [Nou] was not because of his membership in the Sam Rainsy Party but because of his unwillingness to cooperate with the people of the Cambodian People's Party." J.A. at 12. Accordingly, Nou did not establish that "a reasonable person in his circumstances would fear persecution on account of a statutorily protected ground." J.A. at 13. The IJ held that Nou had not established that he was the victim of past persecution or that he would suffer future persecution. The IJ also concluded that Nou had not established that he would be likely to suffer torture if he was returned to Cambodia, as required by the Convention Against Torture.

Nou appealed to the BIA. The BIA assumed that Nou was credible but agreed that his evidence did not establish that Nou "was targeted on account of the statutory grounds." J.A. at 2.

-4-

The BIA also concluded that Nou could not establish a well-founded fear of future persecution, given the ease with which he obtained his passport and visa to enter the United States, and given the changed political conditions in Cambodia.[1] The BIA concluded that Nou also had not established his claim for withholding of removal or his claim under the Convention Against Torture. The BIA dismissed Nou's appeal. Nou timely petitioned for review. We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(2)(B)(ii).

## II.

On review, petitioner challenges only the rejection of his asylum claim. While we review the decision of the BIA, where, as here, the BIA adopts portions of the IJ's decision, we review those adopted portions directly. Ouk v. Keisler, 505 F.3d 63, 67 (1st Cir. 2007). In doing so, we review findings of fact for substantial evidence and questions of law de novo. Sok v. Mukasey, 526 F.3d 48, 52-53 (1st Cir. 2008).

An applicant seeking asylum bears the burden of establishing that he is a "refugee" as defined by 8 U.S.C. § 1101(a)(42)(A). Diab v. Ashcroft, 397 F.3d 35, 39 (1st Cir. 2005); 8 U.S.C. § 1158(b)(1). To do so, the applicant "must show either past persecution or a well-founded fear of future persecution." Albathani v. I.N.S., 318 F.3d 365, 373 (1st Cir. 2003); 8 C.F.R. §

---

[1] The BIA determined as well that Nou had not established that the actions against him constituted persecution. In light of our disposition, we need not reach this question.

-5-

208.13(b). Proof of past persecution entitles an applicant to a presumption of a well-founded fear of future persecution. 8 C.F.R. § 208.13(b)(1); Diab, 397 F.3d at 39. In addition, the regulation requires that such past or future persecution must be "on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 C.F.R. § 208.13(b)(1); Albathani, 318 F.3d at 373.

Nou's central contention is that the evidence before the IJ establishes his past persecution in Cambodia. This past persecution, Nou argues, was either on account of his membership in a particular social group--namely the Sam Rainsy political party-- or because of his political opinion.

We conclude that substantial evidence supports the BIA's finding that Nou has not shown that he was targeted "on account of" any of the protected statutory grounds. Nou claimed that he suffered persecution based on his membership in the Sam Rainsy Party, a political party opposed to the controlling Cambodian People's Party. He testified that, in 2000, his uncle--a Sam Rainsy Party officer--was killed on his way to a Sam Rainsy Party meeting. He also claimed that both he and his wife, as active Sam Rainsy Party members, had been threatened by members of the Cambodian People's Party, and that he had been shot at and lost his job in the Wildlife Division based on his party affiliation. When pressed, however, Nou admitted that he had been threatened and shot at and fired from his position because he enforced the ban on

illegal fishing, and that others who were not members of the Sam Rainsy Party were also fired. The BIA did not err in concluding that the actions that Nou relies on were in response to Nou's efforts to enforce the ban on illegal fishing rather than his Sam Rainsy Party membership.

Nou also asserts that he established a well-founded fear of future persecution, even if he did not establish past persecution. The BIA rejected Nou's claim, finding that the ease of Nou's departure from Cambodia belied his claim that he ever faced any real danger from the government, and that, moreover, the political conditions in Cambodia do not support Nou's contention. For example, the Board noted that the Sam Rainsy Party actually holds approximately 20% of the seats in the Cambodian national assembly. See also Ly v. Mukasey, 524 F.3d 126, 132-33 (1st Cir. 2008) (discussing changed political conditions in Cambodia). Substantial evidence supports the BIA's conclusion that Nou did not establish a well-founded fear of future persecution.

We have considered Nou's other contentions and find them to be without merit.

### III.

Accordingly, the petition for judicial review is denied.